NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 23 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ANTONIO MARTINEZ,

        Plaintiff - Appellant,

  v.

F. ROJAS; CALIFORNIA DEPARTMENT
OF CORRECTIONS AND
REHABILITATION; OFFICER DOE
#3; Three unknown GUARDS OF THE
CALIFORNIA DEPARTMENT OF
CORRECTIONS AND REHAB,

        Defendants - Appellees.

No. 24-899

D.C. No.
1:16-cv-01467-BAM

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Barbara McAuliffe, Magistrate Judge, Presiding

Submitted July 14, 2025[**]

Before: HAWKINS, S.R. THOMAS, and McKEOWN, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Plaintiff Antonio Martinez ("Martinez"), a California state prisoner, appeals from the district court's grant of summary judgment in favor of defendant F. Rojas ("Rojas"), in this § 1983 action alleging deliberate indifference to medical needs in violation of the Eighth Amendment. We review the district court's grant of summary judgment de novo, *Zetwick v. City of Yolo*, 850 F.3d 436, 440 (9th Cir. 2017), and we affirm.

Martinez alleges registered nurse Rojas provided inadequate medical care by failing to prescribe him any pain relief medication, bandages, or a referral to see a primary care physician after he fell on a bus while being transported to Pleasant Valley State Prison on May 16, 2016. The Prison Litigation Reform Act ("PLRA") requires prisoners to exhaust administrative remedies before commencing a suit challenging prison conditions. 42 U.S.C. § 1997e(a). "It is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007).

Under the California Department of Corrections and Rehabilitation policies in effect at the time, prisoners could administratively appeal any departmental decision, action, policy, omission or condition that has an adverse material effect on the inmate's welfare. Inmates were required to submit their initial grievance and any appeal of decision "within 30 calendar days of (1) the occurrence of the event or decision being appealed, or; (2) upon first having knowledge of the action or

decision being appealed; or (3) upon receiving an unsatisfactory departmental response to an appeal filed." Cal. Code Regs. tit. 15 § 3084.8(b)(1)-(3). An inmate needed to pursue three levels of review to exhaust administrative remedies. §§ 3084.2(a)-(d), 3084.7. In addition, if an appeal was procedurally defective it could be rejected with "clear and sufficient instructions" on how to fix the appeal or cancelled entirely. § 3084.6. A prisoner was also required to appeal a cancellation to exhaust administrative remedies. §§ 3084.1(b), 3084.6(e).

In this case, Martinez submitted his first grievance pertaining to Rojas, No. 16-01106, on September 10, 2016, more than thirty days after the bus incident. This grievance was cancelled for failure to comply with time constraints, and Martinez challenged the cancellation by submitting a new second grievance, No. 16-01163, which was ultimately denied at the second level of review, concluding that the initial cancellation was proper because the grievance was filed 121 days after the incident. Martinez sought third level review but was rejected because he failed to include signature and original date of submission on the form. Martinez did not resubmit, and the grievance remains canceled as untimely.

Martinez further submitted two health care grievances requesting medical records from the May incident, No. 16052060 on September 29, 2016, and No. 16052095 on November 3, 2016. Health care claim 16052060 was cancelled on October 14, 2016, for failure to comply with time constraints. Martinez resubmitted

the appeal to the second level of review, which was cancelled on November 17, 2016, and never reinstated. The second health care grievance, 16052095, was submitted November 3, 2016, and canceled on November 14, 2016, as untimely, and has never been reinstated.

All of Martinez's grievances were canceled as untimely for exceeding the thirty-day time limit, and Martinez did not fully exhaust their cancellation. Accordingly, he failed to exhaust administrative remedies as required by PLRA, and the district court properly granted summary judgment to Rojas.

**AFFIRMED.**